the claim that the death of the decedent was wrongfully caused; and for this there is a cause of action under the provisions of the statute as the same has been incorporated into section 1902 of the Code. The decision of Kirwin v. Malone, 45 App. Div. 93, 61 N. Y. Supp. 844, is in no way in point. That was a case in which limited letters were obtained and the administratrix then attempted to maintain an action for conversion. The action of conversion is, of course, not a statutory right but, on the contrary, is one of the oldest forms of common-law action and, therefore, is not within the provisions of section 2664 of the Code. It is also claimed by the petitioner that there has been an injunction obtained in the United States courts which prohibits the present administratrix from prosecuting her cause of action. It is not shown, however, that such injunction in any way involves the consideration of the questions raised by the petition or that the granting of the present petition will in any way obviate the same.

The application is, therefore, denied.

Application denied.

---

(50 Misc. Rep. 231.)

## In re ROSSIGNOT'S WILL.

(Surrogate's Court, New York County. April, 1906.)

1. WILLS—REVOCATION—BIRTH OF ISSUE.

Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 43, provides if, after the making of any will disposing of testator's whole estate, testator shall marry and have issue, and the wife or such issue shall be living at the death of the testator, such will shall be deemed revoked unless provision shall have been made for such issue, a will will be revoked in such case though after its execution and during the lifetime of the testator a legatee thereunder dies so that the will for that reason does not dispose of the whole estate of the testator.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 469–478.]

2. SAME—EVIDENCE.

The prohibition in Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 43, against the reception of evidence other than that prescribed to rebut the presumption of revocation of a will is effective to prevent the taking of evidence of the death of a legatee to rebut such presumption.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 469–478.]

In the matter of the will of Louis Rossignot. Probate refused.

Underwood, Van Voorst & Hoyt, for Anne Michel Rossignot.

Lemuel Skidmore, for Claude A. Rossignot.

FITZGERALD, S.   Section 43, pt. 2, c. 6, tit. 1 of the Revised Statutes (1st Ed.) provides:

"If after the making of any will, disposing of the whole estate of the testator, such testator shall marry, and have issue of such marriage, born either in his lifetime or after his death, and the wife or the issue of such marriage shall be living at the death of the testator, such will shall be deemed revoked, unless provision shall have been made for such issue by some settlement or unless such issue shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision, and no other evidence to rebut the presumption of such revocation shall be received." 3 Cummings & Gilbert's Gen. Laws, p. 4466, § 43.

It is claimed by the proponent that, notwithstanding all the other conditions prescribed by the statute as necessary to effect a revocation of a will exist in the present case, two of the legatees having died after the execution of the will and during the lifetime of the testator, the will did not dispose of his whole estate within the meaning of the statute mentioned, although on its face it purported to do so, and that, therefore, the present is not a case provided for by the statute, and the will should be held to remain unrevoked. The provisions of the statute cited are based upon and but formulate and adopt the rule laid down by the previous decisions of our own courts and those of the English courts upon the subject. 5 St. at Large (Edmond's Ed.) p. 627. These decisions assign as a reason for the rule which they established that the law implies and assumes that there is a tacit condition annexed to the will at the time of its execution that it was not intended by the testator to take effect, and that it should not take effect if a change in the situation of the testator's family should occur by his subsequent marriage and the birth of issue of the marriage. Brush v. Wilkins, 4 Johns. Ch. 513, 514; Sherry v. Lozier, 1 Bradf. Sur. 450. On this rule there was ingrafted no such limitation or qualification as is sought by the contention of the proponent to be put upon the statute. The change mentioned, coupled with the intention and condition specified, effected a revocation of the instrument, and the death of a legatee in the lifetime of the testator was an entirely immaterial and irrelevant circumstance and one which could not be used to defeat the intention of the testator or render nugatory the purpose of the law to make adequate provision for the support and maintenance of his wife and children. The prohibition in the statute against the reception of evidence other than that prescribed to rebut the presumption of revocation of a will is not, having regard solely to the language of the statute, necessarily inconsistent with the construction for which the proponent contends, although it becomes so when considered in the light of the decisions referred to. In this light the prohibition is manifestly effective to prevent the taking of evidence of death of a legatee to rebut the presumption. The will in question must be deemed revoked and the application for its admission to probate refused. Submit decree.

Probate refused.